We do not retain jurisdiction.

CITY ASSOCIATION OF SUPERVISORS AND ADMINISTRATORS, PLAINTIFF-RESPONDENT, v. BOARD OF EDUCATION, CITY OF NEWARK AND NEWARK TEACHERS UNION LOCAL 481, AFT, AFL-CIO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 23, 1979—Decided May 9, 1979.

Before Judges CONFORD, PRESSLER and KING.

*Mr. Raymond Meisenbacher* argued the cause for appellant (*Messrs. Liss and Meisenbacher,* attorneys).

*Mr. Emil Oxfeld* argued the cause for respondent (*Messrs. Rothbard, Harris & Oxfeld,* attorneys; *Ms. Nancy I. Oxfeld* on the brief).

PER CURIAM. ▮ The City of Newark Board of Education had separate collective negotiating agreements with two unions, one, the plaintiff, consisting basically of supervisory employees (CASA), and the other of rank and file teachers (NTU). Each agreement can be read as conferring upon the members of that union the right to apply for supplementary paid assignments such as coaches of athletic teams. This litigation is over the question whether the board erroneously gave a supervisor a high-school football coaching position for the school year 1976–1977 as against the claim of NTU that under its contract such a position could be granted only to a member of that union, which excludes supervisors.

NTU invoked arbitration under its agreement, and the arbitrators after hearing decided the dispute in its favor and declared a teacher entitled to the position in the place of a supervisor. Judgment was routinely entered on the award in the Superior Court. The board of education thereupon informed CASA that under the arbitration award it could no longer give coaching assignments to CASA members. Thereafter CASA brought an action against the board of education for vindication of its alleged contract right to the position. This action was attended by success, a Chancery Division judge holding the award in arbitration invalid as procured by "undue means," *N. J. S. A.* 2A:24–8 a. The undue means consisted of a "plain mistake" in the interpretation of the contract. As we dismiss this appeal as moot we do not pass upon the correctness of that determination.

We are constrained to dismiss this appeal as moot because the subject matter of the dispute — coaching contracts for the period of the school year 1976–1977 — has long since ceased to exist. But since the underlying dispute still persists, the board having entered into contracts for subsequent school years with both unions in precisely the same tenor as those which generated the controversy, we offer the following guidance. Obviously the board should in its next negotiations with the unions decide what its actual intent is as to which of the two unions, if not both, is entitled to the positions and so stipulate unequivocally in the contracts. In the meantime, either union may institute an arbitration proceeding under its current contract naming the other as well as the board as a party, and both agreements should also be placed before the arbitrators for joint consideration.

■ Where a common subject matter is affected by separate collective negotiation agreements between a single employer and two different unions, common sense and considerations of due process and substantial justice to all parties concerned bespeak the desirability, if not the absolute essentiality, of joint arbitration. See *Polshek v. Bergen Cty. Iron Works,* 142 *N. J. Super.* 516 (Ch. Div. 1976); *cf. Wm.*

*Blanchard Co. v. Beach Concrete Co., Inc.*, 150 *N. J. Super.* 277, 300 (App. Div. 1977), certif. den. 75 *N. J.* 528 (1977). Appeal dismissed; no costs.